# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3705-23

STATE OF NEW JERSEY IN
THE INTEREST OF L.H., a
juvenile.[1]

_____

Submitted September 26, 2024 – Decided October 18, 2024

Before Judges Mawla and Natali.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Camden County, Docket No. FJ-04-0807-24.

Agre & St. John, attorneys for appellant L.H. (Robert N. Agre, on the brief).

Grace C. MacAulay, Camden County Prosecutor, attorney for respondent State of New Jersey (Jason Magid, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

In this appeal, L.H. challenges the court's June 12, 2024 detention order. He claims the court erred in finding alternatives to detention were not

---

[1] We use initials to protect the juvenile's confidentiality. R. 1:38-3(d)(5).

appropriate, see N.J.S.A. 2A:4A-34(d), and the State had properly rebutted the presumption against detention. Since the calendaring of this appeal approximately two weeks ago, the parties advised us the court granted the State's motion for involuntary waiver to the Criminal Division. They also agree, in light of that decision, that the issues before us are now moot and consent to the dismissal of this appeal. We agree and provide a brief explanation for our decision.

L.H. was charged by a juvenile delinquency complaint with an offense that, if committed by an adult, would constitute second-degree manslaughter. N.J.S.A. 2C:11-4(b)(1).[2] The court initially ordered L.H. detained pretrial on March 25, 2024, and subsequently held four detention review hearings. During each hearing, L.H.'s counsel argued against continued detention and provided the court with evidence supporting home release on conditions. At the conclusion of each proceeding, the court reaffirmed its decision to detain L.H.

At the fifth hearing on June 12, 2024, the court again rejected counsel's arguments. For the first time, nearly three months after the court ordered L.H. detained, L.H.'s counsel challenged L.H.'s detention by filing a motion for leave

---

[2] The State initially charged L.H. with one count of second-degree aggravated assault in violation of N.J.S.A. 2C:12-1(b)(1). The charge and complaint were later amended after the victim died.

to appeal. A different panel granted L.H.'s motion on July 25, 2024, and accelerated the appeal. The matter was thereafter placed on our plenary calendar for September 26, 2024. Less than two weeks after the calendaring of the appeal, and within days of the release of our merits opinion, we received notice of the waiver decision.[3]

"An issue is 'moot when our decision sought in a matter, when rendered, can have no practical effect on the existing controversy.'" Redd v. Bowman, 223 N.J. 87, 104 (2015) (quoting Deutsche Bank Nat'l Trust Co. v. Mitchell, 422 N.J. Super. 214, 221-22 (App. Div. 2011)). That is, "courts will not decide cases in which . . . a judgment cannot grant effective relief . . . ." Spadoro v. Whitman, 150 N.J. 2, 13 (1997) (quoting Anderson v. Sills, 143 N.J. Super. 432, 437 (Ch. Div. 1976)).

The jurisdiction of the Family Part and the Criminal Division are clearly established. The Family Part has exclusive jurisdiction over juvenile delinquency matters, see N.J.S.A. 2A:4A-24(a), and the Criminal Division has exclusive jurisdiction over indictable offenses. See R. 3:1-5(a); see also State

---

[3] The State informed us in its brief that a waiver hearing was scheduled for August 20, 2024, however, neither party advised us of the status or results of any such hearing until we received a copy of the waiver order on October 9, 2024.

v. DeLuca, 108 N.J. 98, 111 (1987). Once the Family Part waives a case to the Criminal Division, "[t]he case shall proceed as if it originated in that court . . . ." N.J.S.A. 2A:4A-26.1(f)(1); see also R. 5:22-4(a).

Pursuant to Rule 5:22-2(f), when the Family Part approves waiver, the State has twelve hours to file a complaint-summons or complaint-warrant charging the juvenile as an adult. Once a complaint-summons or complaint-warrant are issued and charge an indictable offense, the Criminal Division obtains exclusive jurisdiction over the case. R. 3:1-5(a). The filing of a complaint-warrant also triggers the Criminal Justice Reform Act (CJRA). See N.J.S.A. 2A:162-15.

Here, because the court waived the matter to the Criminal Division, we cannot grant "effective relief" with respect to the Family Part order under review because the Criminal Division now has exclusive jurisdiction. To ensure appropriate and timely consideration of the issues in this matter, however, and in light of the significant resources we have already expended on the issues and our familiarity with the record, we have directed the Clerk of the Appellate Division to submit any further challenges to L.H.'s continued detention under the CJRA to Part C.

Appeal dismissed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3705-23